AYRES, Judge.
This is an action in tort wherein plaintiff, James S. Boyd, seeks to recover damages allegedly sustained as a result of and arising out of a motor vehicle collision which occurred on May 1, 1971, in the parking lot at the Captain Shreve High School football stadium in the City of Shreveport.
Involved in the accident were a 1957 model Volkswagen, owned and operated by plaintiff, and a 1969 Ford Thunderbird, owned by Lloyd E. Leach and driven, with his permission, by his son, Ronald P. Leach. Made defendants were the owner and the driver of the Thunderbird and their insurer, State Farm Mutual Automobile Insurance Company.
This case was tried before a jury which found for plaintiff and rendered a verdict in his favor for $2,500. From a judgment predicated upon this finding and verdict, defendants appealed.
The accident occurred in a two-lane vehicular passageway running in air east and west course south of the football field and located on the north side of the parking area. Plaintiff was proceeding easterly in this passageway. Defendant driver, accompanied by some companions, was proceeding northerly in a passageway perpendicular to and intersecting the aforementioned passageway at right angles. Cars were parked to plaintiff’s right, that is, on the south side of his passageway. Cars were also parked alongside and to the right and left of defendant driver’s passageway. Defendant driver’s view of plaintiff’s passageway was obscured by the cars parked alongside the left of his car as he proceeded northerly.
The record establishes that defendant Leach was proceeding very slowly as he approached the intersecting passageway. Not having a clear view of the traffic situation in the intersecting passageway, Leach drove his car forward to a point where, he said, his windshield was in line with the south line of plaintiff’s passageway. Then, upon observing the approach of plaintiff’s vehicle at a distance of approximately 75 feet to his left, he stopped and awaited plaintiff’s passage. Leach testified that plaintiff’s attention was obviously directed to his left, toward the football field, where some of the day’s activities were then under way. Leach said plaintiff never looked forward or observed where he, plaintiff, was going. This testimony, corroborated by the testimony of Leach’s companions, is that Leach maintained his car in a stopped position until it was struck by plaintiff’s Volkswagen. The right front of plaintiff’s vehicle struck the left front of defendant’s automobile, or vice versa.
Plaintiff’s version of the occurrence is that as he proceeded easterly, defendant driver abruptly drove his Thunderbird into plaintiff’s passageway directly in front of plaintiff’s car at such a time and place that plaintiff had neither time, distance, nor opportunity to stop or to take other evasive action to prevent the collision.
*469 From our review of the record, we are convinced that plaintiff was guilty of contributory negligence, at least, in the occurrence of the accident. Plaintiff, Boyd, testified that, as he drove easterly across the parking lot, his speed was perhaps 10 miles per hour at most. He acknowledged there was considerable activity at the school on that occasion and that there were many cars on the parking lot. R.O.T.C. units were performing on the football field to his left as he drove across the lot. Boyd, moreover, testified that he saw the Leach automobile at a distance of about 40 feet away. His automobile, according to his testimony, was in good condition and had properly functioning brakes. His testimony was that he could have stopped his car in half the distance in which defendant’s car was seen, that is, within 20 feet. Nevertheless, plaintiff did not stop his vehicle, nor did he take other evasive action to prevent the accident. At his rate of speed, as estimated by him at 10 miles per hour, plaintiff could not only have stopped but could have passed to the front of defendant’s automobile which occupied only half, the sourthern half, of the two-lane passageway. Plaintiff then had one-and-a-half traffic lanes into which he could have steered his vehicle had he been maintaining a proper lookout.
The record, moreover, evidences gross inconsistencies in plaintiff’s testimony. In earlier statements, he fixed his speed at from five to seven miles per hour. In a prior statement, he testified that when he first saw defendant’s car, the car was stopped, and that, just as plaintiff got even with defendant, defendant came out in front of him and began a left turn right into him; whereas, on trial, he testified that the Thunderbird did not stop at all, but just came out and hit him. Nevertheless, he stated, again on trial, that the Thunderbird was about 40 feet from him when he first saw it; that his own speed was then about 10 miles per hour and that he could have stopped his automobile within half the distance of 40 feet. Thus, by his own testimony, plaintiff has clearly convicted himself of negligence, at least contributory to the collision. The testimony of defendant driver and his companions is consistent, and there appears to be no basis for disbelief in their testimony. A conclusion from the facts established in this record is irresistible; it is inescapable that plaintiff was at least contributorily negligent and is thereby barred from recovery.
The judgment appealed is, for the aforesaid reasons, annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed that plaintiff’s demands be, and they are now, rejected and his suit dismissed at his costs.
Reversed and dismissed.